## UNITED STATES *v.* SAUNDERS (No. 533):[1]

"SIDES" AS APPLIED TO LUMBER.

There does not appear to be any definite, uniform, and general trade meaning of the word "sides" applied to lumber, but the change in the phraseology of paragraph 201, tariff act of 1909, seems to show it was intended to include within it all planed or sawed lumber without regard to its actual dimensions, when one, two, three, or four sides had been planed or finished; and so the importation of boards, varying from 1 to 1¼ inches in thickness, was dutiable under that paragraph.

United States Court of Customs Appeals, May 29, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24274 (T. D. 31090.)

[Reversed.]

*D. Frank Lloyd*, Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

*Brown & Gerry* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

In the months of March and April, 1910, the appellee imported and entered at the port of Buffalo certain cargoes of spruce lumber. The lumber was composed of boards varying from 1 inch to 1¼ inches in thickness.

The appraiser returned the same as "lumber planed on four sides," and upon that return the collector assessed duty according to the rates prescribed by paragraph 201 of the act of 1909, for lumber planed on four sides. The importer filed his protest to this ruling and contended that boards of the size in question could not have four sides, but only two sides and two edges, and that it was therefore erroneous to classify them as boards planed on four sides. This

---

[1] Reported in T. D. 31660 (20 Treas, Dec., 1177).

protest was heard on evidence by the Board of General Appraisers and the same was sustained. The Government now prays for a reversal of the board's decision.

Paragraph 201 of the act of 1909 reads as follows:

201. Sawed boards, planks, deals, and other lumber of whitewood, sycamore, and basswood, fifty cents per thousand feet board measure; sawed lumber, not specially provided for in this section, one dollar and twenty-five cents per thousand feet board measure; but when lumber of any sort is planed or finished, there shall be levied in addition to the rates herein provided, the following:

For one side so planed or finished, fifty cents per thousand feet board measure; for planing or finishing on one side and tonguing and grooving or for planing or finishing on two sides, seventy-five cents per thousand feet board measure; for planing or finishing on three sides, or planing and finishing on two sides and tonguing and grooving, one dollar and twelve and one-half cents per thousand feet board measure; for planing and finishing on four sides, one dollar and fifty cents per thousand feet board measure; and in estimating board measure under this schedule no deduction shall be made on board measure on account of planing, tonguing, and grooving.

It will be observed that this paragraph treats of different kinds of sawed lumber and imposes certain rates of duty upon the same; and that it furthermore provides for additional graduated duties upon such lumber of any sort if it be planed or finished severally upon one, two, three, or four sides. There is nothing in the paragraph which in terms limits the additional duties to lumber of any given thickness. On the contrary it is specifically provided that the additional duties shall be levied upon "lumber of any sort" which is planed or finished in the manner or to the extent stated. The proper construction of the paragraph, therefore, seems to be that any surface of a board which is actually planed or finished becomes thereby a side within the meaning of the paragraph. The paragraph deals with the labor put upon the board to bring it to an improved condition, and uses the word side to indicate the place upon which the labor is expended. In this view any surface which is broad enough to receive such labor and become so improved is broad enough to be called a side. And if a board is so treated on four surfaces it must have four sides within the meaning of the act.

If the narrow sides or so-called edges of a board are not to be considered as sides within the meaning of the paragraph, then both such edges may be planed and finished before importation and nevertheless no additional duty be imposed upon the boards because of such improved condition. This does not seem consistent with the purpose of the paragraph, which obviously seeks to increase the duty upon the boards in proportion to the labor expended upon them before importation.

The testimony contained in the record shows that the cost of planing the so-called edges is about the same as the planing of the broader sides. This tends to confirm the foregoing interpretation of the paragraph.

The testimony contained in the record does not prove the existence of any definite, uniform, and general trade meaning of the word

"sides" with sufficient force and clearness to control the construction of the paragraph.

Under the act of 1897 the Board of General Appraisers in T. D. 24996, in construing a provision for additional duties upon lumber according to the number of sides planed or finished, held that no additional assessment should be made upon boards because of the planing of their edges. The board in the cited case adopted the definition of the appellee and held that such boards have but two sides and two edges within the meaning of the act, and therefore can not be said to be planed on three sides or on four sides. However, in the controlling paragraph of that act there was no specific provision made in terms for the planing or finishing of three sides or of four sides of the sawed lumber; the provision was a general one, providing for an additional assessment for "each side so planed or finished." But the corresponding paragraph in the act of 1909, being the paragraph now under review, changed this phraseology, and definitely provided for a separate levy in case one side, or two sides, or three sides, or four sides were planed or finished. And as above appears, this provision is in comprehensive terms, aptly applying to lumber of all kinds named in the preceding part of the paragraph. This change in the language of the paragraph seems to manifest a legislative purpose to apply the term "sides" to all surfaces of any piece of sawed lumber which are actually planed or finished.

The decision of the board is therefore *reversed.*